LEVY v. S. H. KRESS & CO. (two cases).

(Circuit Court of Appeals, Eighth Circuit. December 23, 1922.)

Nos. 5924, 5925.

1. **Appeal and error ☞4—Decree in cause transferred to equity docket reviewable by appeal.**

Where an action at law has been transferred to the equity docket on account of equitable defenses pleaded, and tried as a suit in equity without objection, the decree is reviewable by appeal, and not on writ of error.

2. **Equity ☞427(2)—Court may vary relief granted from that prayed for.**

The relief which a court of equity may grant is not limited to that prayed for, but it may vary, qualify, restrain, and modify the remedy it applies, so as to do equity and avoid inequity to mutual and adverse claims and the substantial rights of the parties.

3. **Equity ☞425—Court may condition grant of relief.**

A court of chancery may condition the grant of relief sought by a party with the enforcement of a claim or equity held by the opposing party, though by reason of the statute of limitations, or by reason of a former judgment, or otherwise, the latter could not enforce his claim in any other way.

4. **Landlord and tenant ☞106—Equitable adjustment of rights of parties under lease.**

Where defendant had expended over $100,000, in the purchase of a 99-year lease and the construction of a building on the property, but had failed and refused to build a wall on one side of the building as required by the lease, which would cost $3,500, complainant, as lessor, *held* not entitled to a forfeiture of the lease for such breach, but defendant *held* entitled to a decree quieting its title to the leasehold on condition that it build the wall or indemnify complainant.

Appeal from and in Error to the District Court of the United States for the Western District of Oklahoma.

Suit in equity by Serena G. Levy against S. H. Kress & Co. Decree for defendant, and complainant appeals, and also brings error. Writ of error dismissed, and on appeal decree reversed and cause remanded, with directions for new decree.

Streeter B. Flynn and Robert M. Rainey, both of Oklahoma City, Okl., and Edward Hirsh, of Muskogee, Okl., for appellant and plaintiff in error.

J. H. Everest and P. D. Brewer, both of Oklahoma City, Okl. (E. S. Vaught and Robert K. Everest, both of Oklahoma City, Okl., on the brief), for appellee and defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

·SANBORN, Circuit Judge. This is an appeal from a decree that the plaintiff, the lessor of two lots and a three-story building in Oklahoma City, under a lease for 99 years, which contained an agreement by the lessee, the defendant, a corporation, that if it tore down the building it would rebuild the walls and roof of value and strength equal to or greater than the wall and roof removed, and under a bond of $20,000 made by the lessee to so rebuild, was entitled to no relief under the facts of this case, on account of the lessee's failure to rebuild the

east wall of the old building, which it tore down, and that the title to the leasehold estate be quieted in the defendant, the lessee.

[1] The plaintiff brought her action for possession of the leased premises for the failure of the lessee to rebuild the wall, under the familiar provision of the lease to the effect that, if the lessee failed to comply with the terms of the lease, the lessor might declare the lease at an end and take possession of the premises. The lessee defended on the grounds that the lease, under a proper construction of its terms, did not require it to rebuild the wall, that it had given a bond to rebuild it, that the plaintiff was estopped from maintaining any claim for relief by her grantors' (the former lessees') failure to demand and insist upon the rebuilding of the wall when the defendant constructed its new building, by the statute of limitations of Oklahoma, by her grantors' and by her own collection of the rents, some $700 per month, after the new building was built, and by the failure early and persistently to press their claim.

When the case was called for trial, and the court found the equitable defenses pleaded, it transferred it from the law to the equity docket, and tried it as a suit in equity, without objection by either party. Out of abundance of caution the plaintiff took an appeal and sued out a writ of error to reverse the decree. The decree is reviewable by appeal, and it is not reviewable by writ of error. The writ is therefore dismissed. The defendant has not appealed, the rulings of the court against it are not challenged, and the alleged errors assigned by the plaintiff are all embraced in her claim that the trial court erred in its ruling that the breach by the defendant of the agreement to build the east wall was waived by the grantors of the plaintiff and by the plaintiff, by their acceptance of the rents, as they knew that the defendant did not intend to construct that wall, by their silence and delay in demanding and enforcing their claims for avoidance of the lease while the new building was in course of construction in 1914 and thereafter until about the time this suit was brought in April, 1920.

The principal established facts, upon which the defendant relies to sustain the finding of the court below that the plaintiff was equitably estopped from avoiding the lease and recovering possession of the leased premises on account of the defendant's failure to build the east wall, are these:

While the defendant, on February 2, 1914, gave its bond required by the lease in the sum of $20,000 to rebuild within a reasonable time the walls and roof of the building which it was then about to tear down, it submitted to Mr. Hendrickson in February or March, 1914, the blueprints and specifications of its proposed building, which disclosed the fact that there was to be no wall on the east side of the leased premises. On March 10, 1914, Hendrickson, then a lessor, wrote to the defendant, called its attention in his letter to that fact, and asked if leaving out that wall would not be a violation of the lease and the bond. The defendant answered that it would put a line of columns on or near the east line of the premises, and that its contention was that this would be a compliance with the terms of the lease, and it requested Hendrickson, if he intended to take the position that under the lease and bond

he was entitled to a solid wall, to. so state, as the defendant intended soon to let its contract for the building, and to construct it. On May 1, 1914, Hendrickson wrote to the attorneys of the defendant that he felt sure that the lease would not permit the defendant to leave out this east wall. At that time the building was under construction, not completed. and an east wall could have been built conveniently. About May 20, 1914, while the building was still incomplete, Hendrickson protested to and demanded of the defendant's architects that the east wall be built. The defendant did not build that wall. Hendrickson, one of the original lessors, collected the cash rent under the lease until June 9, 1918, when he conveyed the property, subject to the lease, to the plaintiff, who collected the rent from that time until April, 1920. On June 1, 1920, the parties to this suit stipulated that the defendant should pay and the plaintiff should receive the cash rent from April, 1920, as it became due, without prejudice to the rights of either party to this suit, and that course has since been pursued. Prior to 1913, the defendant purchased the leasehold estate and paid $60,000 for it, and in 1913 and 1914 it spent about $50,000 in the construction of the new building on the leased lots, which is more valuable than the old one was, and the leasehold estate is now worth about $100,000. The cost of constructing the east wall in accordance with the terms of the lease would be from $3,000 to $4,000.

The court below held that the lease and bond required the defendant to build the east wall, and that the defendant failed to comply with that requirement by its failure to construct that wall, and this court concurs in these opinions. The court below also held that by the facts which have been recited the plaintiff was estopped from enforcing a forfeiture of the lease and recovering possession of the premises, and that the defendant was entitled to a decree quieting the title to the leasehold in itself. A careful examination of the evidence and the arguments and authorities presented by the elaborate briefs of counsel has failed to convince that the plaintiff waived or was estopped from enforcing its claim to equitable relief by her silence, delay, acts, or omissions, or by those of Hendrickson, one of the original lessors. However, it has also become satisfied that a decree for the permanent possession of the leased premises, which would entail a loss of something like $100,000 upon the defendant, in order to enforce a right or equity of the plaintiff to a wall that will cost about $3,500, would be so inequitable that a court of chancery ought not to render it, unless it finds it impossible in any other way to preserve and enforce the right and equity of the plaintiff.

[2] The relief which a court of equity may grant, however, is not limited to that which one or more of the parties to the suit may pray for. It should not be harsh or oppressive on the defendant or in any other manner work injustice. 1 Pomeroy's Jurisprudence, § 400. And a court of equity may vary, qualify, restrain, and modify the remedy it applies, so as to do equity and avoid inequity to mutual and adverse claims and the substantial rights of the parties. Jones v. Missouri-Edison Electric Co., 144 Fed. 765, 781, 75 C. C. A. 631.

While the defendant in its answer relies and its attorneys insist upon

the defenses that the true construction of the terms of the lease did not require it to build the east wall, that if it did make this requirement the plaintiff waived its performance and was estopped from enforcing it by the receipt of the rents by Hendrickson and by the plaintiff, and by their failure to insist upon a compliance with the requirements earlier and more persistently, that the plaintiff's cause of action was barred by the statute of limitation of the state of Oklahoma, and that by the purchase of the property from Hendrickson and the conveyance of it to her subject to the lease, the plaintiff did not acquire the cause of action for the breach of the agreement in the lease to rebuild the east wall, which it alleges arose while Hendrickson owned the property, nevertheless the defendant also pleads in its answer that, if the court should determine that through a misconstruction of the terms of the lease it has failed in any of its requirements, it stands ready to do and perform anything which a court of equity may require to be done to do complete justice, and it prays, among other things, that the court quiet the title of the defendant in its leasehold interest against the plaintiff and those claiming under her.

[3] This prayer for and offer to do equity brings the defendant under the familiar and salutary rules of equity jurisprudence—that he who seeks equity must do equity, and in a case in which the rules and principles of equity demand it a court of chancery may condition the grant of relief sought from it by a party to a suit, with the enforcement of a claim or an equity held by the opposing party, although by reason of the statute of limitations, or by reason of a former judgment or otherwise, the latter could not enforce his claim in any other way. Farmers' Loan & Trust Co. v. Denver L. & G. R. Co., 126 Fed. 46, 51, 60 C. C. A. 588, and cases there cited; Burnes v. Burnes, 137 Fed. 781, 791, 70 C. C. A. 357; United States v. Debell, 227 Fed. 760, 779, 142 C. C. A. 284; Union Central Life Ins. Co. v. Drake, 214 Fed. 536, 548, 131 C. C. A. 82.

All the facts conditioning the rights and equities of the parties to this suit under the lease and under the bond have been proved in this case, and the court below has plenary jurisdiction to consider, determine, and enforce all the rights and equities they claim in this suit against each other, and to make an end of these controversies. Under such circumstances the interests of the parties to the suit and a wise and speedy administration of justice will be best served by exercising this jurisdiction.

[4] By the lease and the bond the defendant became liable to the plaintiff to build the east wall along the east line of the leased premises the full length of the new building. It has never done so. The erection of the row of columns was not a discharge of this liability. Hendrickson and the plaintiff never ceased to claim their right to the construction of this wall, nor was the defendant ever ignorant of that claim, or of its liability, which was disclosed by the lease itself and by the bond. While it is inequitable to decree possession of the leased property to the plaintiff, the plaintiff's failure to obtain from the defendant the wall which by the lease and the bond it was liable to build is not irremediable in this court of equity, in view of the facts in the

case, and our conclusion is that a just, lawful, and equitable disposition of it would be a decree to this effect:

That within 90 days after the entry of the proposed decree the defendant either build a wall under the direction of and satisfactory to the superintendent of its construction appointed by the court below along the east line of the leased lots the full length of the building thereon, free from all liens and charges, or instead of such a construction pay to the plaintiff $3,500; that the defendant pay the costs of this suit in this court and in the District Court, including the compensation of the superintendent of the construction of the wall, if one is constructed; that upon the completion and approval of the wall, or upon the payment of the $3,500 and costs, but not otherwise, the defendant be decreed to be discharged and forever released from all further liability to the plaintiff under the lease and under the bond on account of its failure to build or delay in building such wall, and that the title to the leasehold estate as against the plaintiff and those claiming through or under her be forever quieted in the defendant as against any and all claims of the plaintiff in this suit; and that in case the defendant fails or refuses, either to build the wall or instead thereof to pay the $3,500, within 90 days, the plaintiff have leave to apply to the District Court or to this court for further or other relief. Let this case be remanded to the court below, with directions to set aside the decree appealed from, and to render a decree to the effect stated above.

Judge CARLAND participated in the consideration and concurred in the decision of this case, but died before the opinion was submitted to him.