## LEVY v. S. H. KRESS & CO.

(Circuit Court of Appeals, Eighth Circuit. February 18, 1924.)

### No. 5924.

Landlord and tenant ⊗⟹285(6)—Conditions on which lessor will be denied possession for lessee's failure to construct wall as required by lease stated.

    In lessor's action for possession of premises which had been leased to defendant for 99-year term, because of defendant's failure to build a wall on one side of the building as required by the lease, the court will make denial of possession to lessor conditional on the defendant's construction of the wall under the direction of a special master 'to be appointed by the court, and to the satisfaction of such master and the court, or, in lieu thereof, the payment to the lessor, within such time as the court may fix, of such amount as the court shall determine, either on a stipulation of the parties or on evidence presented to it, as to the cost of construction of such wall, and on payment of costs incurred, including the special master's compensation.

Appeal from the District Court of the United States for the Western District of Oklahoma.

On rehearing. Case remanded, with directions to set aside decree appealed from, and to render a decree in accordance with the opinion. For former opinion, see 285 Fed. 836.

⊗⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Streeter B. Flynn and Edward Hirsh, both of Oklahoma City, Okl. (Robert M. Rainey, of Oklahoma City, Okl., on the brief), for appellant.

J. H. Everest, of Oklahoma City, Okl. (Ed. S. Vaught and P. D. Brewer, both of Oklahoma City, Okl., on the brief), for appellee.

Before SANBORN and KENYON, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. Upon the motion of the appellant this case has received a second hearing. The opinion upon the first hearing may be found in 285 Fed. 836 to 840. After a thoughtful consideration of the oral arguments and additional briefs submitted at the rehearing, we are not convinced that the court fell into any substantial error in its statement, in its opinion of the law or facts that condition its just disposition. The court, however, is of the opinion that a more equitable decree than that directed would be that the District Court set aside the decree below and render a decree that, on condition that within six months, or such other time as such court shall fix after the entry of its decree, the defendant build a wall along the east line of the leased lots, the full length and height of the building thereon, under the direction of and satisfactory to a special master to be appointed by such court and satisfactory to that court itself, or, in lieu thereof, pay to the plaintiff within six months, or within such other time as such court may fix from the entry of its decree, such amount as such court, either on a stipulation of the parties or upon evidence presented to it upon a hearing before it, shall find that the cost of building such a wall would be, and also on condition that the defendant pay the costs of this suit already incurred, and the costs, including the special master's compensation, that shall be incurred in future proceedings in this suit, but on no other condition, and not otherwise, then, upon proof of a compliance with such conditions, such court will render a decree that the defendant be discharged and forever released from all future liability to the plaintiff under the lease and under the bond on account of its failure to build or its delay in building such wall, and that the title to the leasehold estate, as against the plaintiff and those claiming through or under her, be forever quieted in the defendant as against all claims of the plaintiff in this suit, but that, in case the defendant fails or refuses to comply with any of such conditions within the time or times prescribed by such court, the plaintiff may apply to such court for further or other relief.

Let this case be remanded to the court below, with directions to set aside the decree appealed from, and to render a decree to the effect stated above.