Samuel NICOSIA, Appellant,

v.

Harry B. SHER and Gordon A.
Yearty, Appellees.

No. 5346.

United States Court of Appeals
Tenth Circuit.

Dec. 6, 1956.

T. Austin Gavin and Allen E. Barrow,
Tulsa, Okl., for appellant.

Truman B. Rucker and Bryan W. Ta-
bor, Tulsa, Okl., for appellees.

Before PHILLIPS, MURRAH and
LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an equitable action, brought by
Nicosia against Sher and Yearty to can-
cel an assignment dated August 25, 1954,
executed by Nicosia and running to Sher,
covering a one-third interest in the sev-
en-eighths working interest in certain
oil and gas leases covering lands in No-
wata County, Oklahoma, and to establish
and quiet Nicosia's interest in such
leases and for other relief. In his com-
plaint Nicosia offered to do equity.

On June 17, 1955, the trial court en-
tered a judgment cancelling and setting
aside such assignment and adjudging
that Nicosia was the owner of an undi-
vided one-third of a seven-eighths work-
ing interest in a certain oil and gas
lease covering 150 acres of land in No-
wata County, Oklahoma, and an undivid-
ed one-twenty-fourth overriding royalty
interest in an oil and gas lease covering
40 acres of land situated in Nowata

County, Oklahoma. It further adjudged that Yearty was the owner of an undivided two-thirds of the seven-eighths working interest in such leases, subject to the one-twenty-fourth overriding interest in the 40-acre tract in Nicosia, and that Sher was an owner of an undivided one-third of the seven-eighths working interest in the 40-acre tract, subject to the one-twenty-fourth overriding interest of Nicosia.

It further adjudged that the respective titles of the parties to their respective interests should be quieted.

It further adjudged that Nicosia should immediately pay to Sher $750; that Sher and Yearty should render a verified accounting showing all income and expenses incurred in drilling operations and completion of wells on such leases from the commencement of the first well on August 31, 1954, to the date of the judgment, and that upon final approval of such accounting, that each party to the action pay his proper share of the expenses incurred, less his proportionate share of income derived from the sale of oil and gas, or either, within 15 days after such approval. It further ordered that the parties execute and deliver to each other instruments which would give full force and effect to the provisions of the judgment.

By the judgment the court appointed a réceiver of the 150 acres of land. The parties rendered an accounting and on September 16, 1955, the master filed his report, in which he found that the contribution to be made by Nicosia as his pro rata share of the cost of drilling, completion, and operation of the wells, after the allowance of proper credits, was $8,744.65. On September 27, 1955, the court entered an order approving the report. Thereafter, on October 28, 1955, Sher and Yearty filed a motion to vacate and set aside the judgment on the ground that Nicosia had not complied with the judgment by paying $750 to Sher and had not paid the $8,744.65 within 15 days from September 27, 1955, nor within a ten-day extension thereof, granted by the court, which expired on October 22, 1955, and that numerous creditors were threatening to file liens against the leasehold, and that the continuance of the receivership would be unnecessarily burdensome and expensive.

On November 23, 1955, the trial court entered a judgment in which it sustained the motion and adjudged that the findings of fact, conclusions of law, and judgment entered in favor of Nicosia and against Sher and Yearty be set aside and held for naught on the ground that Nicosia had not complied with the former judgment and decree of the court, and counsel for Nicosia had notified the court that "they were not complying with the judgment and decree of the court heretofore entered * * *." By such judgment of November 23, 1955, the court quieted the title in Sher and Yearty against Nicosia in the leases and against all assignees under all assignments made by Nicosia. From the last-mentioned judgment, Nicosia has appealed.

Nicosia did not appeal from the first judgment and it became final.

■ Under the law of Oklahoma, Nicosia, in order to be entitled to a cancellation of the assignment, was required to do equity.[1]

■ Where the rules and principles of equity demand it, a court may condition the grant of relief to the complainant, in order to place the defendant in the position which equitably he should occupy in view of the relief granted to the complainant.[2]

■ The conditions of the relief do not constitute an affirmative decree

1. 15 O.S.A. § 235; Duncan v. Keechi Oil & Gas Co., 75 Okl. 98, 181 P. 709.

2. Levy v. S. H. Kress & Co., 8 Cir., 285 F. 836, 839; Walden v. Bodley, 14 Pet. 156, 164, 39 U.S. 156, 164, 10 L.Ed. 398; Ingalls v. Ingalls, 257 Ala. 521, 59 So.2d 898, 911; Johnston v. San Francisco Sav. Union, 75 Cal. 134, 16 P. 753, 756; 30 C.J.S., Equity, § 602, p. 994; 19 Am. Jur., Equity, § 412, p. 284.

**458**

against the plaintiff. He may perform them or not at his option.[3] However, if the plaintiff fails and refuses to perform the conditions, the court may deny plaintiff all relief and dismiss his action.[4]

■ Here, Nicosia failed to comply with the conditions within the time required by the judgment, or at all, to the prejudice of Sher and Yearty and at the hearing on the motion Nicosia announced to the court that he would not comply. It follows that the action of the court in its second judgment was proper.

Affirmed.

---

3. Farwell v. Harding, 96 Ill. 32.

4. Farwell v. Harding, 96 Ill. 32, 38.