The **CITIZEN BAND POTAWATOMI INDIAN TRIBE OF OKLAHOMA,** Plaintiff–Appellee,

v.

The **OKLAHOMA TAX COMMISSION; Cindy Rambo; Robert Wadley; and Don Kilpatrick,** Defendants–Appellants.

No. 91–6301.

United States Court of Appeals, Tenth Circuit.

July 14, 1992.

David Allen Miley, Asst. General Counsel (David Hudson, General Counsel with him on the brief), Oklahoma Tax Com'n, Oklahoma City, Okl., for defendants-appellants.

Michael Minnis (David McCullough with him on the brief), of Michael Minnis & Associates, Oklahoma City, Okl., for plaintiff-appellee.

* The Honorable Dee V. Benson, United States District Judge, District of Utah, sitting by desig-

Before BALDOCK and SETH, Circuit Judges, and BENSON, District Judge.*

BALDOCK, Circuit Judge.

Defendants-appellants the Oklahoma Tax Commission and its individual members, Cindy Rambo, Robert Wadley and Don Kilpatrick, (collectively "the Tax Commission") appeal from an order entered by the district court following a remand by this court after our earlier opinion was affirmed in part and reversed in part by the Supreme Court. The Tax Commission contends that the district court's order does not comply with the Supreme Court mandate. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plaintiff-appellee the Citizen Band Potawatomi Indian Tribe of Oklahoma ("the Tribe") owns and operates a convenience store located on land held in trust for it by the Federal Government. The Tribe sells cigarettes at the convenience store but has never collected the state tax on the sales of cigarettes. In 1987, the Tax Commission served an assessment notice on the Tribe demanding $2.7 million for taxes on cigarette sales from 1982 to 1986.

The Tribe filed suit seeking to enjoin the Tax Commission from "entering plaintiff's Indian Country and from enforcing or attempting to enforce its regulatory and taxing authority to assess a cigarette tax against plaintiff, plaintiff's officers, agents or employees." Compl., Appellant's App. at 6–7. The Tax Commission counterclaimed for declaratory and injunctive relief. Answer & Countercl., Appellant's App. at 21–22.

After denying the Tribe's motion to dismiss the counterclaim, the District Court reached the merits of the case on stipulated facts. The district court concluded that the Tax Commission lacked authority to tax on-reservation cigarette sales to tribal members or to tax the tribe directly. The district court held that the Tribe was immune from the Tax Commission's suit to collect

nation.

past unpaid taxes directly from the Tribe but that the Tax Commission could require the Tribe to collect taxes prospectively for on-reservation sales to nontribal members and to comply with statutory record keeping requirements. *See Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n,* No. CIV–87–0338–W, slip op. at 9, 12, 1988 WL 122606 (W.D.Okla. Apr. 15, 1988) (order granting preliminary injunction), *reprinted in* Appellant's App. at 45, 48; *Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n,* No. CIV–87–0338–W, slip op. at 1–3 (W.D.Okla. May 6, 1988) (judgment granting permanent injunction), *reprinted in* Appellant's App. at 51–53. While the district court permanently enjoined the Tax Commission from assessing any state sales taxes against or collecting any state sales tax from the Tribe, and collecting any state sales taxes on purchases by tribal members, it ordered the Tribe to aid the Tax Commission in the collection of taxes on purchases of cigarettes by nontribal members. *Potawatomi Indian Tribe,* No. CIV–87–0338–W, slip op. at 2 (W.D.Okla. May 6, 1988) (judgment granting permanent injunction), *reprinted in* Appellant's App. at 52.

The Tribe appealed the order denying its motion to dismiss the Tax Commission's counterclaim and the order denying its request for a permanent injunction on the Tax Commission's collection of taxes on purchases by nontribal members. The Tax Commission cross-appealed the district court's ruling that the Tribe and its members who purchase cigarettes are tax exempt. We held that, because the Tribe was immune from suit, the district court lacked jurisdiction to adjudicate the Tax Commission's counterclaim. *Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n ("Potawatomi I"),* 888 F.2d 1303, 1305 (10th Cir.1989). We reversed the dis-

trict court's denial of the Tribe's motion to dismiss the Tax Commission's counterclaim and remanded with instructions to dismiss the counterclaim. *Id.* Additionally, we held that the district court erred in denying the Tribe's request to enjoin the Tax Commission from collecting state sales tax on the Tribe's sales of cigarette's (to nontribal members), and we remanded to the district court for a reinstatement of a permanent injunction on behalf of the Tribe. *Id.* at 1307.

The district court issued an order on remand permanently enjoining the Tax Commission from assessing against and collecting from the Tribe any state sales tax and from entering the Tribe's Indian Country and from enforcing or attempting to enforce its regulatory and taxing authority to assess a cigarette tax against the Tribe. *Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n,* No. CIV–87–0338–W, slip op. at 9–10 (W.D.Okla. Jan. 4, 1990) (order on first remand), *reprinted in* Appellant's App. at 73–74. The district court also dismissed the Tax Commission's counterclaim for declaratory and injunctive relief. *Id.*

Meanwhile, the Supreme Court granted the Tax Commission's petition for a writ certiorari.[1] *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* — U.S. —, 111 S.Ct. 37, 112 L.Ed.2d 14 (1990). Affirming our opinion in part, the Supreme Court held that the Tribe's sovereign immunity barred the Tax Commission's counterclaim. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* — U.S. —, 111 S.Ct. 905, 909–10, 112 L.Ed.2d 1112 (1991). The Court subsequently addressed whether the Tribe's sovereign immunity prevents it from being liable for the collection of state taxes on the sale of cigarettes to nontribal members.[2] *Id.,* 111 S.Ct. at 910. Revers-

---

1. The Court's stated purpose in granting certiorari was "to resolve an apparent conflict with [the] Court's precedents and to clarify the law of sovereign immunity with respect to the collection of sales taxes on Indian lands." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* — U.S. —, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991).

2. The Supreme Court rejected the Tribe's argument that this issue was not properly before the Court because the only issue presented in the Tribe's prayer for injunctive relief was whether the Tax Commission could require it to pay the challenged assessment for previously uncollected taxes. In rejecting the Tribe's claim, the Court reasoned:

ing our opinion in part, the Court held that notwithstanding the Tribe's sovereign immunity, the Tax Commission has the authority to tax sales of cigarettes to nontribal members. *Id.* at 911. The Court reaffirmed "the proposition that the doctrine of tribal sovereign immunity does not prevent a State from requiring Indian retailers doing business on tribal reservations to collect a state-imposed cigarette tax on their sales to nonmembers of the Tribe." *Id. See Washington v. Confederated Tribes of Colville Reservation,* 447 U.S. 134, 159–61, 100 S.Ct. 2069, 2084–85, 65 L.Ed.2d 10 (1980); *Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 463, 481–83, 96 S.Ct. 1634, 1645–46, 48 L.Ed.2d 96 (1976). The Supreme Court remanded the case to this court for further proceedings in conformity with the opinion. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* —— U.S. ——, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (remand order), *reprinted in* Appellant's App. at 131.

We subsequently issued an order on remand affirming our previous decision "except for that language in the opinion that conflicts with the decision of the Supreme

> The Tribe's complaint alleged that [the Tax Commission] lacked authority to impose a sales tax directly upon the Tribe. The District Court held that the Tribe could be required to collect the tax on sales to nonmembers. The Court of Appeals reversed the decision of the District Court on this point. While neither of these courts need have reached that question, they both did. The question is fairly subsumed in the "questions presented" in the petition for certiorari, and both parties have briefed it. We have the authority to decide it, and proceed to do so.

111 S.Ct. at 911 (citing *Vance v. Terrazas,* 444 U.S. 252, 258–59 n. 5, 100 S.Ct. 540, 544–45 n. 5, 62 L.Ed.2d 461 (1980)). We do not fully understand the Supreme Court's reasoning that neither we nor the district court were required to reach this point. The district court addressed the issue as it was presented in the Tax Commission's counterclaim which the district court had erroneously held was not subject to dismissal on sovereign immunity grounds. We addressed the issue because the Tribe appealed directly from that part of the district court's order which denied its motion for a permanent injunction as to the collection of taxes from the sale of cigarettes to nontribal members. Nonetheless, the Supreme Court's discretionary authority to

Court." *Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n ("Potawatomi II"),* 932 F.2d 1355 (10th Cir. 1991). We "remanded to the district court for dismissal of the Oklahoma Tax Commission's counterclaim and entry of an injunction prohibiting the Tax Commission from enforcing the challenged assessment for previously uncollected taxes against the ... Tribe." *Id.* at 1356.

On remand, the district court adopted in part its earlier judgment on remand from this court issued prior to our opinion being affirmed in part and reversed in part by the Supreme Court:

> The Judgment entered by this Court on January 4, 1990, dismissed the defendants' counterclaim and enjoined the [Tax Commission] from enforcing the challenged assessment for previously uncollected taxes against [the Tribe]. Thus, the Judgment of January 4, 1990, is consistent with the Tenth Circuit's Order on Remand of May 16, 1991. Therefore, this Court pursuant to the Order on Remand ADOPTS that portion of its Judgment of January 4, 1990, and ADJUDGES that such portion shall remain and is hereby in force and effect.[3]

"clarify the law," *see supra* note 1, is quite distinct from an inferior court's authority to grant relief on matters properly before it.

**3.** The Federal Rules of Civil Procedure provide that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained...." Fed.R.Civ.P. 65(d). These requirements are mandatory and should "apprise the party enjoined of the course of conduct which is prohibited." *B & C Truck Leasing, Inc. v. ICC,* 283 F.2d 163, 167 (10th Cir.1960). *See also* 7–pt. 2 James Wm. Moore, *Moore's Federal Practice,* ¶ 65.11, at 65–137 (2d ed. 1991). The requirements of Rule 65(d) are not purely technical, but serve to "prevent uncertainty and confusion" by those faced with injunctive orders and to "avoid the possible founding of a contempt citation on a decree too vague to be understood," as well as to facilitate informed and intelligent appellate review. *Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 715, 38 L.Ed.2d 661 (1974) (per curiam). Arguably, the district court's order does not strictly comply with Fed.R.Civ.P. 65(d) as it describes in part the conduct enjoined by refer-

*Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n*, No. 87–0338, slip op. at 2 (W.D.Okla. Jul. 31, 1991) (order of dismissal and entry of injunction on second remand), *reprinted in* Appellant's App. at 145.

The Tax Commission presently contends that this order does not comply with the Supreme Court mandate. According to the Tax Commission, the Supreme Court decided that the Tribe must collect state taxes on sales of cigarettes to nontribal members, and the Tax Commission seeks an order to this effect.

The Supreme Court clearly expressed its agreement with the Tax Commission's argument that "the Potawatomis' tribal immunity notwithstanding, [the Tax Commission] has the authority to tax sales of cigarettes to nontribal members at the Tribe's convenience store." *Oklahoma Tax Comm'n*, 111 S.Ct. at 911. Furthermore, the Supreme Court's rejection of our distinction in *Potawatomi I* between this case and *Colville* supports the Tax Commission's claim that the Tribe has a legal obligation to assist in the collection of taxes on sales of cigarettes to nontribal members.[4] *See id.* at 911–12. *See also Colville*, 447 U.S. at 159–61, 100 S.Ct. at 2084–85; *Moe*, 425 U.S. at 481–83, 96 S.Ct. at 1645–46.

Nevertheless, the Supreme Court's opinion does not permit the Tax Commission to enforce the Tribe's legal obligation through the federal courts. The Supreme Court addressed this very contention and implicitly recognized that the Tax Commission could not rely on federal courts to directly compel the Tribe to comply with its legal obligation to assist the State in the collection of taxes. The Court stated:

In view of our conclusion with respect to sovereign immunity of the Tribe from suit by the State, Oklahoma complains that, in effect, decisions such as *Moe* and *Colville* give them a right without any remedy. *There is no doubt that sovereign immunity bars the State from pursuing the most efficient remedy....*

*Oklahoma Tax Comm'n*, 111 S.Ct. at 912 (emphasis added). The Court suggested alternative remedies which included bringing a suit for damages against the agents or officers of the Tribe, *id.* (citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)), collecting the sales tax from cigarette wholesalers, *id.* (citing *Colville*, 447 U.S. at 161–62, 100 S.Ct. at 2085; *City Vending of Muskogee, Inc. v. Oklahoma Tax Comm'n*, 898 F.2d 122 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990)), entering into an agreement with the Tribe to collect the taxes, *id.* (citing 25 U.S.C. § 476), or seeking appropriate legislation from Congress. *Id.* While we do not believe that these are necessarily the exclusive remedies available to the Tax Commission, the Supreme Court's opinion forecloses federal courts from directly enforcing the Tribe's obligation to collect taxes on cigarette sales to nontribal members. Nothing in the District Court's order on remand precludes the Tax Commission from pursuing the remedies that the Supreme Court has indicated are available to it.

---

ence to its earlier order. Nonetheless, given the Tax Commission's failure to challenge the injunction on these grounds, and the apparent understanding by all concerned that the injunction applies only to acts by the Tax Commission to collect the previously imposed assessment, we believe the district court's order describes in "reasonable detail" the conduct enjoined as required by Fed.R.Civ.P. 65(d).

4. In *Colville*, the Supreme Court held that tribal sellers have an obligation to collect and remit state taxes on cigarette sales to nontribal members. 447 U.S. at 159–61, 100 S.Ct. at 2084–85. Similarly, in *Moe*, also relied on by the *Oklahoma Tax Comm'n* Court, the Supreme Court held that Indian retailers may be required to collect state taxes on sales to non-Indians. *Moe*,

425 U.S. at 481–83, 96 S.Ct. at 1645–46. In *Potawatomi I*, we distinguished *Colville* because the Indian tribe there had opted to come under state jurisdiction pursuant to Pub.L. No. 83–280, 67 Stat. 558 (1953) and Wash.Rev.Code § 37.12.-010 (1957). *See Potawatomi I*, 888 F.2d at 1307. The Supreme Court rejected this distinction stating that "[n]either *Moe* nor *Colville* depended upon the State's assertion of jurisdiction under Public Law 280." *Oklahoma Tax Comm'n*, 111 S.Ct. at 911. The Court stated that "it is simply incorrect to conclude that Public Law 280 was the essential (yet unspoken) basis for this Court's decision in *Colville*." *Id.* at 911–12. The Supreme Court's rejection of our distinction between *Colville* and this case indicates that *Colville*'s holding applies to this case.

The district court precisely followed our remand order which instructed it to dismiss the Tax Commission's counterclaim and enter an injunction prohibiting the Tax Commission from enforcing the challenged assessment for previously uncollected taxes against the Tribe. *Potawatomi II*, 932 F.2d at 1356. In going no further, the district court recognized its lack of discretion when confronted with a specific mandate by this .court. *See Rutherford v. United States*, 806 F.2d 1455, 1460 (10th Cir.1986) ("district court is ... bound by the appellate court mandate"). Further, the district court order follows the well-settled principle that an injunction must be narrowly tailored to remedy the harm shown. *See Gulf Oil Corp. v. Brock*, 778 F.2d 834, 842 (D.C.Cir.1985).

As the district court is bound by our mandate, we of course are bound by the Supreme Court's mandate. Here, the Supreme Court's mandate was very general by remanding to this court for proceedings consistent with the Supreme Court's opinion. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, —— U.S. ——, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (remand order), *reprinted in* Appellant's App. at 131. The Tax Commission has not contended that our order on remand from the Supreme Court is inconsistent with the Supreme Court's opinion; however, by challenging the district court's order which narrowly follows our mandate, the Tax Commission suggests that our mandate was incomplete. Nonetheless, we cannot order the district court to memorialize the Supreme Court's recognition of the Tribe's legal obligation to assist the Tax Commission in the collection of taxes on the sale of cigarettes to nontribal members into a legal order punishable by contempt. To do so would effectively grant the Tax Commission part of the relief it sought in its counterclaim which is barred by the Tribe's ·sovereign immunity.[5] *Oklahoma Tax Comm'n*, 111 S.Ct. at 909–10.

AFFIRMED.

SETH, Circuit Judge, dissenting:

The majority opinion fully and accurately describes the course of the litigation; the position on the several issues taken by the three courts; and the present situation. However, in my view, the majority stops short of carrying out the Supreme Court's mandate on one of the basic litigated issues on which the appeal was taken to our court. Thus I must respectfully dissent.

The majority opinion carefully refers to the Supreme Court's holding that Oklahoma has authority to tax sales of cigarettes by Indian retailers selling on tribal lands to nontribal members. However, the point is worthy of emphasis by a quotation from the Supreme Court's opinion where the Court held:

"Although the doctrine of tribal sovereign immunity applies to the Potawatomis, that doctrine does not excuse a tribe from all obligations to assist in the collection of validly imposed state sales taxes. *Washington v. Confederated Tribes of Colville Reservation*, 447 U.S. 134 [100

---

5. While Justice Stevens suggested that "a tribe's sovereign immunity from actions seeking money damages does not necessarily extend to actions seeking equitable relief," *Oklahoma Tax Comm'n*, 111 S.Ct. at 913 (Stevens, J., concurring), this view was not shared by any other member of the Court and was implicitly rejected in the majority opinion's discussion of alternative remedies. *See id.* at 912.

The Tax Commission presents an additional argument that "the obligation to conduct its business lawfully can be imposed on the tribe by the court in equity." While this argument is not entirely clear, to the extent that it asks us to adopt Justice Stevens' position, we reject it. We do not rule out the possibility that affirmative equitable relief sought by the Tribe could be conditioned on the Tribe's compliance with its legal obligations. *See United States v. Wilson*, 707 F.2d 304, 312 (8th Cir.1982) (per curiam on rehearing) (sovereign immunity not a bar to conditioning equitable relief sought by United States). *See also Nicosia v. Sher*, 239 F.2d 456, 457–58 (10th Cir.1956) (court's conditional grant of equitable relief to plaintiff does not constitute an affirmative decree against plaintiff). However, the Tax Commission never sought conditions on the Tribe's equitable relief; rather, the Tax Commission sought affirmative relief for itself. Because the Tax Commission failed to raise the argument below, we decline to consider it for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 (10th Cir.1983).

S.Ct. 2069, 65 L.Ed.2d 10] (1980). Oklahoma argues that the Potawatomis' tribal immunity notwithstanding, it has the authority to tax sales of cigarettes to nontribal members at the Tribe's convenience store. We agree. In *Moe v. Confederated Salish and Kootenai Tribes,* 425 U.S. 463 [96 S.Ct. 1634, 48 L.Ed.2d 96] (1976), this Court held that Indian retailers on an Indian reservation may be required to collect all state taxes applicable to sales to non-Indians. We determined that requiring the tribal seller to collect these taxes was a minimal burden justified by the State's interest in assuring the payment of these concededly lawful taxes. *Id.,* at 483 [96 S.Ct. at 1646].... Only four years later we reiterated this view, ruling that tribal sellers are obliged to collect and remit state taxes on sales to nontribal members at Indian smoke-shops on reservation lands. *Colville, supra.*"

The Supreme Court thus clearly established in 1976, 1980, and now in 1992, that the states had authority to tax under the described circumstances. In the case before us the Supreme Court expressly held that this question was before it on certiorari, and said, "We have authority to decide it, and proceed to do so." This was followed by the above quotation.

The Court thus modified the doctrine of tribal sovereign immunity to the extent that not only is the collection of the tax lawful, but the sellers at the tribal stores must assist in its collection, and the Tribe is not excused "from all obligations to assist in the collection of validly imposed state sales taxes." Equally significant it was decided that the sales of cigarettes to tribal members could not be taxed, and the Tribe as such could not be held liable for taxes on sales at the tribal stores.

In *Moe v. Confederated Salish,* the Supreme Court on remand to the United States District Court affirmed, without exception, the trial court's judgment. The trial court had there ordered in part:

"[D]efendants' motion for summary judgment is granted to the extent that defendants may require plaintiffs and other tribal members, who sell cigarettes on the Flathead Reservation, to precollect the state cigarette tax imposed on non-Indian purchasers pursuant to [the state statute]."

The *authority to tax,* under the described circumstances, was a basic determination in this case as it was in the previous cases. It is very significant in that it supports the several alternative remedies against wholesalers, the seizure of unstamped cigarettes, and other remedies suggested in this case and in *Moe* and *Washington v. Confederated Tribes.* The Court in this case before us suggests another possibility when it states:

"There is no doubt that sovereign immunity bars the State from pursuing the most efficient remedy, but we are not persuaded that it lacks any adequate alternatives. We have never held that individual agents or officers of a tribe are not liable for damages in actions brought by the State. See *Ex parte Young,* 209 U.S. 123 [28 S.Ct. 441, 52 L.Ed. 714] (1908)."

This authority of Oklahoma to tax the sale of cigarettes to nontribal members at tribal stores reiterated by the Supreme Court was an issue litigated throughout the case as the Court took special pains to describe and to decide it. It was introduced into the case by the Tribe. It is the law of the case and, in my view, this court is ordered by the Supreme Court, in its remand to us, to see that it is carried out so far as possible. It appears to me to be much more than a ruling to "clarify the law." It is a direct order.

*It is perfectly obvious that there is no direct remedy against the Tribe as an entity. This dissent fully recognizes this reality.* As quoted above the Court said that:

"There is no doubt that sovereign immunity bars the State from pursuing the most efficient remedy, but we are not persuaded that it lacks any adequate alternatives."

This lack of a remedy against the Tribe however does not permit this court in its remand to the trial court to eliminate all reference to alternative remedies based on

the rights decided *in this case*, and in earlier opinions, which the Court held belong to the states. The rights, as mentioned and quoted above, establish the State's alternative remedies, and its position as to the several transactions and participants, other than the Tribe, which make the sales possible; that is, remedies "alternative" to a remedy against the Tribe as such. It is significant that the Court in the several opinions, including the one here concerned, goes to some length to describe possible alternative remedies available to the states. A new one was suggested here.

The specific determinations made by the Court in its opinion in this case constitute authority for the use of alternative remedies available to the State of Oklahoma. These determinations were a very significant part of the final outcome of the litigation. In my view, they cannot be deleted from our remand to the district court.

The case was remanded to us by the Supreme Court "for further proceedings in conformity with the opinion of this Court." Again, this is an order as to the *entire opinion* to take proceedings in "conformity" therewith. This includes *all* issues not just selected ones.

Thus, in my view, our remand order to the district court must include the substance of the above quotations from the Supreme Court's opinion to be included in the trial court's judgment. It should also contain a statement that the State cannot assess the sales taxes on, or collect sales taxes from the Tribe as such, nor can it collect such taxes on sales to tribal members at the store. This should not be difficult as this is what the trial court decided and included in its order the first time around.

I don't think the remand need include a statement that the order or judgment recite that no direct remedy is provided by the Supreme Court, this court, or the district court against the Tribe because that point is apparent.

A proposed Order on Remand is attached.

### PROPOSED ORDER ON REMAND

This court has been directed by the Supreme Court to take further proceedings in conformity with the Court's opinion. That opinion partly affirmed and partly reversed our opinion.

The Supreme Court has taken again what would otherwise be an unusual step in suggesting to a party alternative remedies which may be available since a more direct remedy is not possible.

We have determined that this remand must be somewhat different as well if we are to fully carry out the mandate of the Court, and if the rights clearly established by the litigation are to realistically serve as a basis for the suggested alternative remedies.

Thus, it is directed that the trial court include in its judgment on remand provisions essentially as follows:

1. The Potawatomis' tribal immunity notwithstanding, the State of Oklahoma has authority to tax sales of cigarettes to nontribal members at the Tribe's convenience store, and that the Indian retailers may be required to collect all State taxes applicable to sales to non-Indians.

2. Although the doctrine of tribal sovereign immunity applies to the Potawatomis, that doctrine does not excuse a tribe from all obligations to assist in the collection of validly imposed State sales taxes.

3. The sales of cigarettes to members of the Citizen Band Potawatomi Indian Tribe at the tribal store a/k/a The Gallery Trading Post are exempt from the State tax.

4. The State cannot collect sales tax on cigarettes directly from the Tribe as a separate entity.

IT IS SO ORDERED.