980 F.2d 741
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie STEVENSON, Plaintiff-Appellant,
v.
Larry SMITH and Fred Allenbrand, Defendants-Appellees.
 Nos. 91-3384, 92-3002.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Willie Stevenson filed an action under 42 U.S.C. §§ 1981, 1983, and 1985(3), based on his pretrial detention at the Johnson County Adult Detention Center in Olathe, Kansas.[1] The district court dismissed the complaint because Plaintiff's claims were conclusory and without factual and legal support. Plaintiff filed a document entitled "Petition for a Writ of Mandamus," which purports to request this court to accept a notice of appeal from a district court order accepting his plea of guilty. That issue was not raised in his complaint, and will not be addressed here. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991).
 
 
 6
 Plaintiff's pro se complaint sought declaratory, injunctive, and damage relief against the warden and a subordinate officer at the detention center.[2] Plaintiff alleged violations of his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights including (1) restriction of mail; (2) lack of programs, such as religious programs and Alcoholics Anonymous programs; (3) restrictions on his ability to prepare legal papers, including delays in obtaining copies, lack of carbon paper, and being required to pay for copies; (4) lack of heat for five days; (5) denial of socks and underwear; (6) denial of adequate opportunity for fresh air and exercise; (7) denial of vitamins; (8) requirement to pay for haircuts; (9) denial of due process when he was placed in isolation for twelve days; and (10) denial of statutory good time.[3]
 
 
 7
 After his civil rights complaint was dismissed, Plaintiff moved to amend his complaint to assert claims that he was arrested and detained illegally.[4] The district court denied the motions, treating them as a request to reconsider the dismissal. "The standard of review for the denial of a motion for reconsideration depends on the nature of the underlying decision." Johnson ex rel. v. Thompson, 971 F.2d 1487, 1498 (10th Cir.1992). Here, the underlying decision, dismissal under 28 U.S.C. § 1915(d), is reviewed for an abuse of discretion. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). Similarly, a district court's decision to grant or deny leave to amend a complaint is reviewed for an abuse of discretion. Snider v. Circle K. Corp., 923 F.2d 1404, 1409 (10th Cir.1991). We, therefore, find no abuse of discretion in the district court's denial of leave to state a new and different cause of action under the guise of an amendment, particularly where the amendment would not cure the defects in the original complaint. See Ketchum v. Cruz, 961 F.2d 916, 920-21 (10th Cir.1992) (motion to amend complaint properly denied where amendment included no factual allegations to support claim).
 
 
 8
 Turning to the merits, in dismissing Plaintiff's complaint, the district court cited Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the district court did not specify the dismissal was frivolous under § 1915(d), by stating that Plaintiff's claims were without factual support, as well as without legal support, the trial court evidently relied in part on § 1915(d).
 
 
 9
 Construing the pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we will dismiss it under § 1915(d) "if plaintiff cannot make a rational argument on the law and facts in support of his claim." LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir.1991). The district court has the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.
 
 
 10
 To state a cause of action under 42 U.S.C. § 1983, a claimant must allege "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See Yvonne L. ex rel. Lewis v. New Mexico Dep't of Human Servs., 959 F.2d 883, 886 (10th Cir.1992). Plaintiff's claims pertaining to denial of socks and underwear, and a requirement to pay for haircuts, do not allege deprivation of a protected right. Therefore, they were properly dismissed.
 
 
 11
 We next address Plaintiff's various claims pertaining to conditions of his pretrial detention. "Due process requires that a pretrial detainee not be punished." Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); accord Littlefield v. Deland, 641 F.2d 729, 731 (10th Cir.1981). To determine if the conditions or restrictions of detention implicate the constitutional protection against deprivation of liberty without due process, we evaluate whether those conditions are tantamount to punishment of the detainee. Bell v. Wolfish, 441 U.S. at 535. While the government may not punish a pretrial detainee, it may impose on him conditions and restrictions necessary to maintain jail security. Id. at 540. Absent a showing that prison officials intended to punish, the determination of whether the restriction is punitive or incidental to a legitimate governmental purpose will turn on " 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].' " Id. at 538 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)).
 
 
 12
 Plaintiff's claims of restriction of mail and restrictions on his ability to prepare legal papers, which may be construed as a claim that he was denied access to the courts, are legitimately related to the governmental purpose of maintaining jail security. Therefore, Plaintiff's constitutional rights were not violated. See Turner v. Safley, 482 U.S. 78, 91-93 (1987) (prison policy to restrict mail between inmates at different institutions reasonably related to legitimate penological interests);[5] Bounds v. Smith, 430 U.S. 817, 824-25 (1977) (constitutionally mandated access to the courts is meaningful access, not total or unlimited access); Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (Fourteenth Amendment right of due process by access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint").
 
 
 13
 Plaintiff further claims he was deprived of an adequate opportunity for fresh air and exercise. A detention center may limit access to fresh air and exercise where necessary to further the legitimate purpose of maintaining jail security, see Bell v. Wolfish, 441 U.S. at 540, particularly for detainees in maximum security. Plaintiff has failed to establish that his constitutional rights were violated. See Collins v. City of Harker Heights, 112 S.Ct. 1061, 1070 (1992) ("the Due Process Clause of its own force requires that conditions of confinement satisfy certain minimal standards for pretrial detainees"); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200 (1989) (when the State restrains an individual's liberty, making him unable to care for himself, it is required to provide for his "basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety"); Clark v. Poulton, 963 F.2d 1361, 1364 (10th Cir.1992) (conditions of confinement must satisfy certain minimal standards for pretrial detainees).
 
 
 14
 Plaintiff describes an incident involving the failure to deliver a letter to the clerk of the United States District Court for the District of Kansas. Prison officials investigated the matter and concluded the error was caused when Plaintiff misaddressed the letter. Furthermore, "an isolated incident, without any evidence of improper motive or resulting interference with [Plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990).
 
 
 15
 Plaintiff's complaint that his cell was without heat for five days does not establish a constitutional violation. There is no showing that prison officials intended to punish. See Bell v. Wolfish, 441 U.S. at 538. To the contrary, the jail official noted that Plaintiff had two blankets, and the jail official requested the cell to be checked by the maintenance department to correct any problems with the heat.
 
 
 16
 Plaintiff's assertion, unsupported by medical evidence, that he was denied vitamins does not rise to the level of "deliberate indifference" to his "serious medical needs" required to establish a constitutional violation. See Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir.1992) (to establish constitutional violation, pretrial detainees, like convicted inmates, must establish deliberate indifference to serious medical needs).
 
 
 17
 Plaintiff alleges he was improperly placed in isolation for twelve days, but he provided no factual information to support his claim, nor has he alleged he was denied proper procedural protections, except to claim he was denied due process when he was placed in isolation. Plaintiff did not set forth the process he claimed he was due, or how he was denied it. See Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981) ("Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice."). In addition, Plaintiff has failed to state a claim that he was placed in isolation for punitive reasons. Cf. Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir.1992) (fact question established by inmate's claim that he was placed in administrative segregation for punitive reasons).
 
 
 18
 Moreover, a pretrial detainee may be placed in isolation to maintain prison discipline. A detention center has a legitimate interest in segregating individual inmates from the general population for nonpunitive reasons, such as "where the inmate is held pending an investigation of misconduct charges or where there is a threat to the safety and security of the institution." See id. at 647 (citing Hewitt v. Helms, 459 U.S. 460, 474-76 (1983)); see also Bell v. Wolfish, 441 U.S. at 540 ("Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial.").
 
 
 19
 Plaintiff also asserts a lack of programs, including religious programs, but does not provide any facts to support a claim that he was denied his right to practice his religion. Cf. McKinney v. Maynard, 952 F.2d 350, 353-54 (10th Cir.1991) (inmate's right to practice his religion may be restricted if restriction is reasonably related to legitimate penological interests; legitimate penological objectives do not categorically negate inmate's First Amendment claim).
 
 
 20
 A plaintiff, even if pro se, must allege sufficient facts about material events to preclude the need for speculation by the court as to whether such facts exist. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff's conclusory allegations that he was placed in isolation, and denied all opportunity to practice his religion, are unsupported by assertions of fact. Therefore, they are insufficient to state a claim. See Dunn v. White, 880 F.2d 1188, 1197 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990).
 
 
 21
 Plaintiff asserts a constitutional violation due to "no statu[ ]tory good time." Civil Rights Complaint at 2. "[S]tate prisoners' challenges to the disallowance of good time credits [are] a challenge to the duration of their imprisonment.... [T]he writ of habeas corpus [is] the appropriate remedy for such claims." Smith v. Maschner, 899 F.2d at 951 (citing Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973)). Hence, we will not address the claim in this § 1983 proceeding.[6]
 
 
 22
 In conclusion, we hold the district court was correct in dismissing all of Plaintiff's claims under 28 U.S.C. § 1915(d), as lacking an arguable basis in fact or law. Therefore, Plaintiff's motion to accept his notice of appeal filed in the district court January 10, 1992, is DENIED, his motion for leave to proceed on appeal in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandates shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The incidents of which Plaintiff complains occurred in late 1991. He stated he was sentenced on January 10, 1992. Therefore, we assume he was a pretrial detainee when his claims arose
 
 
 [2]
 We will consider abandoned Plaintiff's claims on behalf of other inmates because he did not raise those claims on appeal. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990)
 
 
 [3]
 The record reflects grievances filed by Plaintiff on other matters not contained in his complaint; we do not address them. See Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n, 969 F.2d 943, 948 n. 5 (10th Cir.1992) (issue not raised in district court; "we decline to consider it for the first time on appeal")
 
 
 [4]
 We note Plaintiff's notice of appeal filed before disposition of his motions to amend the complaint was null and void. Wagoner v. Wagoner, 938 F.2d 1120, 1122 (10th Cir.1991). Because he filed another notice of appeal after the district court denied his motions, this court has jurisdiction. See id
 
 
 [5]
 There is no basis to distinguish between pretrial detainees and convicted inmates when evaluating security practices. Bell v. Wolfish, 441 U.S. at 546 n. 28
 
 
 [6]
 The record reflects Plaintiff was neither convicted nor sentenced for the charges on which he was held at the detention center at the time he filed his complaint. Therefore, his claim is premature, as well as completely lacking in factual support