**Sarah W.J. PELL, Plaintiff-Appellee,**

v.

**AZAR NUT COMPANY, INC.,
Defendant-Appellant.**

**No. 82-1609.**

United States Court of Appeals,
Tenth Circuit.

July 11, 1983.

Steve R. Fabert of Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendant-appellant.

Philip M. Gerson, Miami, Fla., for plaintiff-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Sarah Pell filed a complaint in the federal district court of Kansas against Azar Nut Company and Continental Airlines. She alleged that Continental served her a package of Azar's peanuts on a flight from Houston, Texas to Phoenix, Arizona and that she fractured a tooth on a pebble mixed among the nuts. The case is before us following a judgment entered in favor of the appellant Azar. We conclude that Azar does not raise a reviewable issue. We therefore dismiss the appeal.

The entry of judgment resulted from a pretrial dispute. Ms. Pell served process on Azar through certified mail. Azar first sought dismissal on the ground of insufficiency of service of process, *see* Fed.R.Civ.P.

12(b)(5), and later argued, in addition, that the Kansas statute of limitations had run. The plaintiff did not file any response to the defendant's motion. The district court ruled that service of process was insufficient and dismissed Ms. Pell's action against Azar without prejudice. The court also addressed Azar's statute of limitations defense. The court recognized that the choice of the applicable statute of limitations was a difficult question. It stated, "[w]e cannot be certain that Kansas statutes of limitation control this case .... Therefore, we refuse to dismiss this case against Azar Nut Company with prejudice." Record, vol. 1, at 28. Azar asked the court to reconsider the refusal to grant Azar's motion and stated that "if the Court does not see fit to grant this defendant's motion for dismissal with prejudice, defendant hereby requests that the Court expressly determine that there is no just reason for delay, and direct the entry of judgment with regard to this defendant, pursuant to F.R.C.P. 54(b)." Record, vol. 1, at 31.[1] The district court responded that "we do not believe the issue of what statutes of limitations govern this case is clear. It has not been briefed for the court. We refuse to decide the issue for the purpose of determining whether Azar should be dismissed with or without prejudice." Record, vol. 1, at 33. The court then granted Azar's alternative request that judgment be entered against the plaintiff under Rule 54(b).

We observe at the outset that Azar presents a peculiar appeal. Azar sought dismissal in the district court, arguing as one of its grounds that the plaintiff failed to comply with the technical requirements for service of process. The district court, recognizing the defects in service and apparently believing that the action against Azar would not be pursued further, dismissed the suit.[2] This dismissal, though without prejudice, terminated the action against Azar. *See United States v. Wallace Co.,* 336 U.S. 793, 794 n. 1, 69 S.Ct. 824, 825 n. 1, 93 L.Ed. 1042 (1949). Nevertheless, Azar remains dissatisfied. Azar claims that the district court should have dismissed the action with prejudice on the statute of limitations ground, a ground that Azar raised in the district court and that the court "refus[ed] to decide." Record, vol. 1, at 33.

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). The rule is not a rigid formality, but rather a dictate of orderly procedure. Moreover, it is not absolute. Circumstances may compel the consideration of issues left unresolved by the district court, as where "the proper resolution is beyond any doubt ... or where 'injustice might otherwise result.'" 428 U.S. at 121, 96 S.Ct. at 2877. In such instances, the general rule yields to the interests of procedural efficiency and fairness. Resilience, however, should not be mistaken for malleability; the rule bends only to accommodate substantial interests.

Azar presents no substantial interests justifying resolution of the statute of limitations issue. As the district court found, resolution of the issue is not necessary to completely dispose of the action against Azar; defects in the service of process, coupled with the plaintiff's failure to pursue the action, provide legally adequate

---

1. Rule 54(b) provides in pertinent part as follows:

   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

   Fed.R.Civ.P. 54(b).

2. We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969) and cases cited therein. The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted. *Id.* We assume that the district court dismissed the action in this case because the plaintiff failed to respond to the motion to dismiss, and thereby showed a disinclination to prosecute the action further.

grounds to terminate this suit in Azar's favor. Azar apparently seeks the repose that would accompany a determination that the applicable statute of limitations had run. However, we do not believe that a defendant's incidental interest in repose can justify resolving an issue that need not otherwise be reached. Azar will enjoy freedom from suit unless and until the plaintiff refiles her action. The likelihood that the action will be refiled diminishes with time. Circumstances suggest that the suit will not be refiled and that the statute of limitations issue need never be reached. Accordingly, it would be an improvident use of scarce appellate resources to resolve the issue at this time. *See, e.g., Sanders v. International Association of Bridge, Structural and Ornamental Iron Workers,* 546 F.2d 879, 882–83 (10th Cir.1977).

We conclude that Azar has failed to raise a reviewable issue. Accordingly, we dismiss the appeal and assess costs against the appellant. Fed.R.App.P. 39(a).