574 So.2d 301 (1991)
Abideen OLADIPUPO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1304, 90-1306.
District Court of Appeal of Florida, Fifth District.
February 14, 1991.
*302 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant was charged with, convicted and sentenced, in the circuit court, for the offense of giving a false age in an application for a driver's license, a violation of section 322.212(5), Florida Statutes, a misdemeanor of the second degree under section 322.212(6), Florida Statutes, punishable under section 775.082, Florida Statutes, to a maximum sentence of 60 days in jail. For this offense he was convicted for a third degree felony and sentenced to 180 days in the county jail with credit for 60 days time served.
Under section 322.212(6), Florida Statutes, all false statements in applications for driver licenses are felonies of the third degree except the giving of a false age which is a misdemeanor of the second degree. While the original information generally alleged all four alternative methods of violating section 322.212(5), Florida Statutes, the specification stated only that the defendant misrepresented his age. Therefore under the particular allegation and the provisions of section 322.212(6), Florida Statutes, the original charge alleged a second degree misdemeanor and the defendant was erroneously convicted and sentenced for a third degree felony. Furthermore, under section 26.012(2)(d), Florida Statutes, the circuit court did not have jurisdiction over the second degree misdemeanor because it did not arise out of the same circumstances as a felony which was also charged.[1] The defendant's conviction of a violation of section 322.212(5), Florida Statutes, based on giving a false age in his application for a driver's license, was illegal and void and his conviction is hereby
REVERSED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] The defendant was also charged with the felony of resisting an officer with violence (§ 843.01, Fla. Stat.) but that felony did not arise out of the same circumstances as the defendant's misrepresentation of his age in the application for a license.