972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Curtis SAMPSON, Plaintiff-Appellant,
v.
OKLAHOMA CITY PUBLIC SCHOOLS BOARD, Defendant-Appellee,
and
Arthur Steller, Superintendent of Oklahoma City Public
Schools; Oklahoma City Police Department; Robert Wilder,
Chief of Police; Dave McBride, Deputy Chief; and Oklahoma
Education Association Union, Defendants.
 No. 91-6233.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Curtis Sampson appeals from the district court's grant of summary judgment to Defendant Oklahoma City Public Schools Board (the School Board) on Sampson's claims of racial discrimination. On appeal, Sampson appears to argue that (1) the district court erred in dismissing his disparate treatment and disparate impact claims under Title VII, (2) his constitutional right to contract under 42 U.S.C. § 1981 was violated, and (3) Defendant Dave McBride was not entitled to immunity. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Initially, we decline to consider Sampson's right to contract argument. Represented by counsel before the district court, Sampson conceded that his § 1981 claims "should be dismissed due to insufficient evidence and the statute of limitations." R., Vol. II, Doc. 82 at p. 4. This issue was neither presented to the district court on the School Board's summary judgment motion nor ruled on. Therefore, Sampson has waived the issue. See Vaughner v. Pulito, 804 F.2d 873, 877 n. 2 (5th Cir.1986) (failure to assert legal reason why summary judgment should not be granted results in waiver of that ground on appeal).
 
 
 4
 Similarly, we will not consider Sampson's contentions about immunity as to Defendant Dave McBride. Sampson's notice of appeal specifically names only the district court's grant of summary judgment to the School Board as the decision being appealed. R., Vol. II, Doc. 122. Therefore, he did not appeal the district court's grant of summary judgment to McBride. See Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990). We recognize that Sampson is pro se on appeal, and we interpret his pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se appellants must raise and argue issues before the district court before we will consider them, see, e.g., United States v. Alamillo, 941 F.2d 1085, 1086 (10th Cir.1991), absent a miscarriage of justice, which is neither alleged here nor indicated by the record in this case, see Pell v. Azar Nut Co., 711 F.2d 949, 950 (10th Cir.1983).
 
 
 5
 Our review of the district court's grant of summary judgment is de novo, applying the same standard as that employed by the district court. Applied Genetics, Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Following our review of the record on appeal, we conclude that the district court correctly decided this case. Therefore, for substantially the reasons stated in the district court's order granting summary judgment to the School Board, R., Vol. II, Doc. 122, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3