991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billie Joe REEVE, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD, Defendant-Appellee,
and
Kelvin Jefferson, Defendant.
 No. 92-3286.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Billie Joe Reeve, while on duty as an employee of the Union Pacific Railroad (UPRR), was involved in a traffic accident. Reeve was a passenger in a UPRR truck which collided with two other vehicles on a public street in Kansas City, Kansas. Alleging permanent injury resulting from the collision, Reeve filed suit against the UPRR pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, and against Kelvin Jefferson, the driver of one of the other vehicles, under a common law negligence theory. R.Vol. I, doc. 1. The UPRR answered and cross-claimed against Jefferson. Id., doc. 5. Ultimately, both Reeve's and UPRR's claims against Jefferson were dismissed on jurisdictional grounds. Id., docs. 44, 74, 81, 104.
 
 
 3
 Reeve alleged that the UPRR was negligent in its failure to maintain adequate safety procedures to protect employees, provide adequate roads for company vehicles, use reasonable care to avoid injury to employees, and provide a safe workplace. Id., doc. 1 at 2-3. After the initial scheduling order was entered, the district court allowed several extensions of time for the parties to complete discovery and submit witness and exhibit lists. A final pretrial conference was held and a pretrial order entered. Appellee's Supp.App. at 19. The parties submitted witness and exhibit lists.
 
 
 4
 Over two months later, Reeve moved to amend the pretrial order and his witness and exhibit lists. Specifically, he sought to add a claim against the UPRR based on the alleged negligence of the driver of the UPRR truck, Jack Yates. Reeve's proposed amended witness and exhibit lists more than doubled the number of previously identified witnesses and exhibits. Id. at 42-52. Reeve's motions were denied; however, the district court did allow him to put on evidence of "actual special damages" at trial. R.Vol. I, doc. 104 at 12. The case went to trial and a jury verdict was entered against Reeve. He now appeals, seeking a new trial.[1] Our jurisdiction arises from 28 U.S.C. § 1291; we affirm.
 
 
 5
 Initially, we recognize that Reeve proceeds on appeal pro se, and we interpret his pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). On appeal, Reeve challenges the following actions of the district court: 1) denying the motion to reconsider the dismissal of Reeve's claim against Jefferson; 2) denying Reeve's motion to consolidate this case with a separate suit filed against Jefferson; and 3) denying Reeve's motion to depose Jefferson. We review the district court's rulings on these motions under an abuse of discretion standard. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.1990) (Fed.R.Civ.P. 60(b) motion); Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1334 (10th Cir.1988) (consolidation); Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990) (discovery rulings). We have carefully reviewed the entire record on appeal, together with the parties' briefs, and conclude that the district court did not abuse its discretion in any of these rulings.
 
 
 6
 Reeve further contends that the UPRR is self-insured under the FELA, has no insurance, and should not be allowed on public streets in Kansas. These unsupported contentions were not issues at trial and were not raised in any pleading below. Even pro se appellants must raise and argue issues before the district court before we will consider them, see, e.g., United States v. Alamillo, 941 F.2d 1085, 1086 (10th Cir.1991), absent a miscarriage of justice which is not indicated by the record in this case, see Pell v. Azar Nut Co., 711 F.2d 949, 950 (10th Cir.1983).
 
 
 7
 Reeve raises various complaints about the UPRR's attorneys, his own previous counsel, lack of discovery, the number of motions filed with the district court, and funds, rehabilitation, and job placement services allegedly withheld by the UPRR. Reeve also complains about matters relating to his separate suit against Jefferson. We do not address these contentions because they lack relevance to the issues presented to the district court in this case.
 
 
 8
 Reeve's main complaint is that the district court denied his new counsel's motion to amend the pretrial order to include claims against the UPRR based on alleged negligence by its employee, Yates, and subsequently prohibited the introduction of evidence in support of those allegations at trial. Basically, the district court disallowed the amendment because it came late in the litigation--almost two years after the complaint was filed, several months after the pretrial order and the final discovery cut-off date, and less than four months before the initially scheduled trial date--and resulted in prejudice to the UPRR. Reeve argues that the district court ignored the truth when it disallowed the amendment and objects to the court's ruling that such a late amendment would prejudice the UPRR in its defense. Reeve's brief on appeal indicates a misunderstanding of the district court's ruling and of the applicable standards.
 
 
 9
 The Federal Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Fed.R.Civ.P. 16(e) governs pretrial orders, and states that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." See Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988). " 'The office [of the pretrial order] as a procedural tool [is] to insure the economical and efficient trial of every case on its merits without chance or surprise.' " Smith v. Ford Motor Co., 626 F.2d 784, 795 (10th Cir.1980) (quoting Case v. Abrams, 352 F.2d 193, 195 (10th Cir.1965)), cert. denied, 450 U.S. 918 (1981).
 
 
 10
 We can overturn the district court's ruling on Reeve's motion to amend the pretrial order only if that ruling was an abuse of the court's discretion. Burnette, 849 F.2d at 1282. We think the district court's ruling on this point was well within its discretion. The court noted that Reeve's newly-proposed negligence theories were ones that "the most elementary lay person" would recognize, and found no special circumstances allowing Reeve to bring them into the case after almost two years of discovery. R.Vol. I, doc. 133 at 57. The court also pointed out that Yates had died after his deposition on Reeve's earlier negligence theories, id. at 56, a point that would further prejudice the UPRR in defending against the new theories.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although Reeve paid his filing fee for this appeal, he moved in the district court to proceed on appeal without prepayment of costs or fees, apparently requesting that he receive a copy of the trial transcript. The district court denied Reeve's motion. He reurges the motion before this court on appeal. Because Reeve's brief on appeal does not complain about matters that occurred at trial, we deny his request for a trial transcript