37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mamye BETHLEY, individually and as Special Administratrix of
the Estate of Daunte Burge, deceased, Plaintiff-Appellant,
v.
CITY OF SPENCER, OKLAHOMA, an Oklahoma municipal
corporation; Bill Henslee, individually and as Chief of
Police for the City of Spencer; Gary Cotten, individually
and as a police officer employee of Spencer, through the
Spencer, Oklahoma Police Department, Defendants-Appellees.
 No. 94-6110.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Mamye Bethley commenced an action, pursuant to 42 U.S.C.1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, against defendants for the shooting death of her son, Daunte Burge. Ms. Bethley alleged that the death of her son was the result of excessive force by defendant police officer Gary Cotten and a failure of defendants Police Chief Bill Henslee and the City of Spencer to take precautions in supervising and training officers.[2] The district court granted defendants' motion for summary judgment, concluding that there were no genuine issues of fact for trial. Also, the district court dismissed Police Chief Henslee for lack of service. Ms. Bethley appealed. She argues that the district court erred (1) in determining Officer Cotten did not use excessive and deadly force to seize the decedent; (2) in determining the City of Spencer properly trained and supervised its officers; and (3) in dismissing Police Chief Henslee for failure to serve. We affirm.
 
 
 4
 The parties' appendices establish the following facts. On January 25, 1992, the decedent, who was serving a prison sentence at an Oklahoma City halfway house, escaped from custody and stole a car. After the owner of the car reported its theft, Oklahoma City police officers spotted the car, and a high speed pursuit began. Three times during the pursuit, decedent tried to ram Oklahoma City police officer Lance Hutson's car. Also, decedent at times drove in the wrong lane of traffic, forcing other cars off the road.
 
 
 5
 Spencer police officers Cotten and Michael Cline were listening to reports about the pursuit on the county radio. As the pursuit approached Spencer city limits, they drove across a one lane bridge and stopped on the shoulder of the road. From there they saw the lights of the approaching cars. Officer Cline exited the patrol car and stepped onto the road to warn the driver of a stopped car of the oncoming pursuit. As decedent approached the bridge, he went around the stopped car and swerved in front of it toward Officer Cline. Officer Cline jumped out of the way of decedent. Believing that Officer Cline was going to be hit by decedent, Officer Cotten fired two rounds from an AR-15 semi-automatic rifle, one of which struck and killed decedent.
 
 
 6
 Based on these facts, the district court granted defendants' motion for summary judgment. The court concluded that Officer Cotten was entitled to qualified immunity and summary judgment for the shooting of decedent, a fleeing felon. The court determined that decedent's immediate threat to the safety of the officers and others and decedent's resistance of and attempt to evade arrest by flight made it objectively reasonable for Officer Cotten to use deadly force. The court further found that the Spencer police department had a constitutional policy and properly trained on the use of force.
 
 
 7
 We review the district court's summary judgment ruling de novo, viewing the evidence in the light most favorable to the nonmovant. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 527-28 (10th Cir.1994). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). " 'The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment.' " Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir.1991)(quoting Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987)). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party must make her showing with specific facts. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 8
 Ms. Bethley first argues that the district court erred in granting summary judgment to Officer Cotten. She maintains Officer Cotten was not entitled to qualified immunity because his actions in using deadly force were excessive, unreasonable, and in violation of established law enforcement standards and procedures.
 
 
 9
 Qualified immunity is available to government officials when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus, "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time." Anderson v. Creighton, 483 U.S. 635, 639 (1987)(quoting Harlow, 457 U.S. at 818-19). An official is entitled to summary judgment if, in light of clearly established principles, the official could as a matter of law reasonably believe that his actions were lawful. Id. at 641. A defendant who makes a showing of objective reasonableness is entitled to summary judgment unless the plaintiff can demonstrate factual disputes. Coen v. Runner, 854 F.2d 374, 377 (10th Cir.1988).
 
 
 10
 The law concerning deadly force was clearly established at the time Officer Cotten shot decedent. Deadly force may be used if necessary to prevent the escape of a suspected felon if the police officer has reasonable cause to believe the suspect poses a significant threat of death or serious bodily injury to the officer or others. Tennessee v. Garner, 471 U.S. 1, 3 (1985). To determine whether there has been excessive force, courts look at the facts and circumstances of each case including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight. Graham v. Connor, 490 U.S. 386, 396 (1989). Reasonableness of the use of force is viewed from the perspective of a reasonable officer on the scene and includes an allowance for the fact that officers are forced to make split second judgments in tense, uncertain, and rapidly changing situations. Id. at 396-97.
 
 
 11
 The facts in this case show that after stealing a car decedent actively attempted to evade arrest by flight. Also, he threatened the safety of police officers and the public. Decedent led police officers on a high speed chase at times driving in the wrong lane of traffic, thereby endangering the lives of citizens and officers. Officers Cline, Cotten, and Hutson all stated in their depositions that they believed decedent was trying to run over Officer Cline. Officer Cotten shot at decedent to prevent harm to Officer Cline. Under the circumstances, Officer Cotten's use of deadly force was objectively reasonable to seize a fleeing felon who attempted to evade arrest and who presented a threat to police officers and to the public.
 
 
 12
 Ms. Bethley attempts to contradict these facts and to support her excessive force claim with the affidavit of her expert witness, Jerome W. Dickens, Sr. Mr. Dickens stated in his affidavit that (1) the type and amount of force used against decedent was excessive, unreasonable, and violative of established law enforcement standards and procedures; (2) the Spencer police officers were confrontational and unreasonably placed themselves and the decedent in danger; (3) the Spencer police officers were inadequately trained and supervised regarding the use of deadly force and weapons; and (4) the Spencer police were inadequately trained and supervised regarding road blocks.
 
 
 13
 Mr. Dickens' affidavit does not create an issue of fact. His affidavit is conclusory and wholly lacking in factual support. See Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985)(summary judgment cannot be avoided on the basis of an expert's opinion that fails to provide specific facts from the record to support conclusory allegations); American Key Corp. v. Cole Nat'l Corp., 762 F.2d 1569, 1580 (11th Cir.1985)(expert's opinion that lacks credible support does not create issue of fact). Furthermore, at his deposition, taken prior to the date of the affidavit, Mr. Dickens testified that Officer Cotten had reasonable cause to believe decedent was attempting to run over Officer Cline.
 
 
 14
 Ms. Bethley argues Spencer police officers set up a road block without an escape route. She cites no evidence to support this argument, and the appendices fail to show any supporting evidence. We conclude the district court correctly determined Officer Cotten was entitled to qualified immunity and to summary judgment.
 
 
 15
 Ms. Bethley next argues that genuine issues of fact exist to establish that summary judgment should not have been granted in favor of the City of Spencer. She argues that Officer Cotten was not adequately or properly trained regarding the use of deadly force and that the failure to train and supervise officers regarding deadly force constituted a custom. Also, she points out that at the time of decedent's death there was no written policy concerning the use of deadly force.
 
 
 16
 A city can be sued if it allegedly caused a constitutional tort as a result of an unconstitutional policy or custom. City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22 (1988); Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). There must be a causal link between a municipal policy or custom and the alleged constitutional deprivation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). The alleged unconstitutional "policy or custom need not be formal or written." Watson v. City of Kansas City, 857 F.2d 690, 695 (10th Cir.1988). Inadequacy of police training is a basis for 1983 liability only where a failure to train amounts to a policy or custom and deliberate indifference to the rights of the person with whom police come into contact. City of Canton, 489 U.S. at 388-89. "[A]n unjustified shooting by a police officer cannot, without more, be thought to result from official policy." Praprotnik, 485 U.S. at 123.
 
 
 17
 As stated above, under the circumstances of this case, the use of deadly force was justified. Even if the force was unreasonable, Ms. Bethley failed to set forth any facts establishing either a custom of inadequate training on the use of force or the City of Spencer's liability for Officer Cotten's use of deadly force. Her arguments are merely conclusory.
 
 
 18
 Ms. Bethley also alleges without factual support that Officer Cotten was not qualified, with appropriate training, to carry the AR-15 rifle in connection with his duties as a Spencer police officer. The evidence shows that Officer Cotten was properly trained. He had 120 hours of basic reserve training and numerous seminars and training courses. He was specifically trained on the rifle in the military, and he regularly practiced shooting the rifle at the police shooting range.
 
 
 19
 Additionally, Ms. Bethley alleges that the City of Spencer failed to establish a process for citizen complaints. Again, this allegation is unsupported. The evidence shows that the City of Spencer had an informal complaint process. We conclude the district court correctly determined the City of Spencer was entitled to summary judgment.
 
 
 20
 Ms. Bethley finally argues that the district court erred in dismissing Police Chief Henslee as a defendant for failure of service. When Ms. Bethley amended her complaint, she added Police Chief Henslee as a defendant. See generally 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1085 (1987)(if new parties are added by amendment, additional summonses must be obtained for them). The district court dismissed Police Chief Henslee, both individually and in his official capacity, for failure of service because an affidavit from the clerk of court indicated that no return of service was filed and because Ms. Bethley waived any objection by failing to respond to Police Chief Henslee's argument that he had not been served. Ms. Bethley alleges that Police Chief Henslee had adequate notice of the lawsuit since he was represented by the same attorney as the other defendants, actually submitted himself to the jurisdiction of the court by filing the motion for summary judgment, and waived any technical error that might have occurred for failure to file a return of service.
 
 
 21
 In his motion for summary judgment, Police Chief Henslee argued that he had not been served and that he should be dismissed for failure of service. He did not waive service. Cf. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986)("general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction"), amended on other grounds, 807 F.2d 1514 (9th Cir.), cert. denied, 484 U.S. 870 (1987); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir.1982)(unless defendant voluntarily makes appearance or waives defective service, court is without jurisdiction to render judgment against defendant if service of process is not made within requirements). His actual notice of the suit was insufficient to satisfy service of process requirements. See Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.1991); Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir.1988).
 
 
 22
 Because there was no valid service of process on Police Chief Henslee, the district court lacked personal jurisdiction over him. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Further, Ms. Bethley waived any objection to Police Chief Henslee's request for dismissal by failing to respond to his request. See State Farm Mut. Auto. Ins. Co. v. Mid-Continent Casualty Co., 518 F.2d 292, 296 (10th Cir.1975)(when issues are waived this court is precluded from considering them). Thus, we conclude the district court correctly dismissed Police Chief Henslee.
 
 
 23
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff also raised several state law claims in her complaint. She does not continue to assert them on appeal, and we do not consider them