77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hayward JOHNSON, Petitioner-Appellant,
v.
Edward L. EVANS, Respondent-Appellee.
 No. 95-6153.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SETH
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Hayward Johnson seeks review of the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. 2254. Our jurisdiction over this appeal arises from 28 U.S.C. 1291. We construe Johnson's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). In our examination of the district court's order, we review Johnson's contentions of legal error de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993).
 
 
 3
 On appeal, petitioner maintains, as he did before the district court, that his trial counsel was ineffective, he was convicted in violation of his Fourth Amendment rights, and he should be allowed to withdraw his guilty pleas. After our careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided these issues.
 
 
 4
 In his reply brief, petitioner also contends that the district court erred in its analysis because it did not review the transcripts of petitioner's hearings on his motion to suppress evidence and on his guilty pleas. Reply Br. at 4-6. Not only does the record on appeal contain full transcripts of both hearings, but the magistrate judge specifically referred to them in his report. Rec. Vol. I, tab 27 at 8-10. Petitioner's statements on reply to the effect that transcripts were not produced, hampering his efforts to evaluate his case, are conclusory and lack support in the record.
 
 
 5
 For the first time on appeal, petitioner further argues in his reply brief that he was not properly advised of the nature and consequences of his pleas, specifically the presumption of innocence and the state's burden to prove its case beyond a reasonable doubt. Reply Br. at 9-12. As a rule, this court does not address issues raised for the first time on appeal. See Pell v. Azar Nut Co., 711 F.2d 949, 950 (10th Cir.1983). Nonetheless, we note that this argument is without merit; our review of the transcript of petitioner's guilty plea hearing evidences that the state trial court did, in fact, fully inform petitioner of the presumption of innocence and the state's burden to prove its case beyond a reasonable doubt. See Rec. Vol. II, Transcript of Hearing held on September 24, 1992, at 4-5.
 
 
 6
 Therefore, for substantially the same reasons set forth in the district court's order, dated March 10, 1995, adopting the magistrate judge's report and recommendation dated February 3, 1995, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3