F I L E D
United States Court of Appeals
Tenth Circuit

JUN 20 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TAMMIE KRAMER,

Plaintiff-Appellant,

v.

GALLEON ARMORED CAR AND
SECURITY; TOM TENNY;
RON NIELSON,

Defendants-Appellees.

No. 99-4121
(D.C. No. 99-CV-240)
(D. Utah)

ORDER AND JUDGMENT   *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tammie Kramer appeals the district court's decision dismissing her sexual harassment/Title VII employment discrimination claims against individually named defendants Tom Tenny and Ron Nielson, supervisory employees and corporate officers of defendant Galleon Armored Car and Security, Inc., plaintiff's former employer. Although plaintiff's Title VII claim against Galleon is still pending, we have jurisdiction because the district court granted plaintiff's request for certification of final judgment pursuant to Fed. R. Civ. P. 54(b).

Plaintiff was hired by Galleon in June 1998 as a security guard. She resigned in September 1998. Plaintiff alleges that, during her brief employment with Galleon, her supervisor Steven Meyers sexually harassed her and forced her to have sexual intercourse with him. See Appellee's Supp. App. at 3-4 (Complaint, Paras. 17, 18) . Plaintiff alleges further that Meyers's supervisors, Tenny and Nielson, were aware that he was sexually harassing female Galleon employees, and did not take any remedial action. See id. at 4 (Complaint, Paras. 20-23). Plaintiff's two-count complaint alleges: (1) sexual harassment in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and (2) negligent employment.

The district court granted Tenny and Nielson's Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's Title VII claims. [1] Citing Haynes v. Williams, 88 F.3d 898 (10 th Cir. 1996), the district court held that, in this circuit, Title VII liability is borne by employers and not individual supervisors. See Appellant's App. at 6; see also Haynes, 88 F.3d at 901 ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."); Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."). The district court then considered Galleon's corporate status while plaintiff was its employee. Galleon was administratively dissolved on July 1, 1997, under Utah law for failure to file its annual report and reinstated in January 1999. Although Galleon was administratively dissolved when plaintiff was its employee, the district court concluded that Galleon continued to be plaintiff's employer. See Appellant's App. at 7. Thus, the district court dismissed her Title VII claims against Tenny and Nielson.

Plaintiff appeals the district court's 12(b)(6) dismissal of her sexual harassment claim against Tenny and Nielson on four grounds, that: (1) Tenny and Nielson should be held liable because they continued to operate the corporation in

[1]      In addition, all defendants moved to dismiss plaintiff's negligent employment claims. Plaintiff did not contest that aspect of defendants' motion to dismiss in the district court nor does she seek to appeal that dismissal.

-3-

violation of Utah law; (2) Tenny and Nielson were her employers during Galleon's period of dissolution; (3) since she filed her claim with the Utah Antidiscrimination Division and the EEOC during Galleon's dissolution, Tenny and Nielson should not be relieved of personal liability by Galleon's subsequent corporate reinstatement; and (4) the corporate veil should be pierced because Tenny and Nielson tried fraudulently to avoid liability.

As an initial matter, we note that plaintiff raises a new argument on appeal. She did not argue in her response to defendants' motion to dismiss that Tenny's and Nielson's behavior should result in the court's piercing of the corporate veil. Therefore, she has waived this argument and we do not address it. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below."); see also Pell v. Azar Nut Co., 711 F.2d 949, 950-51 (10th Cir. 1983).

We review de novo the sufficiency of a complaint and the district court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). In doing so, we apply the same standards applied by the district court. See David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). Specifically, we accept as true all the well-pleaded factual allegations in the complaint viewed in the light most favorable to the nonmoving party. See GFF, 130 F.3d at 1384.

Moreover, "[a] 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Id. (quotation omitted). Accordingly, we assess the limited question "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

Based on our review of the complaint, the parties' submissions, the district court's decision, and the relevant case law, in particular our holding in Haynes, 88 F.3d 898, we agree with the district court's disposition of plaintiff's Title VII claims against Tenny and Nielson. Accordingly, we AFFIRM the district court's dismissal for substantially the same reasons stated in that court's memorandum decision dated May 26, 1999.

Entered for the Court


Mary Beck Briscoe
Circuit Judge