COMMODITIES FUTURE TRADING
COMMISSION, Plaintiff,

v.

WALL STREET UNDERGROUND,
INC., et al., Defendants.

Civ.A. No. 03–2193–CM.

United States District Court,
D. Kansas.

Jan. 23, 2004.

See, also, 281 F.Supp.2d 1260.

Clifford C. Histed, Rocell J. Cyrus, Rosemary Hollinger, U.S. Commodity Futures Trading Commission, Chicago, IL, Melanie D. Caro, Office of United States Attorney, Kansas City, KS, for Plaintiff.

John H. Doyle, III, Melissa Golub, Anderson Kill & Olick, PC, Steven Cooper, Anderson, Kill, Olick & Oshinsky, P.C., New York, NY, Brant M. Laue, Chadler E. Colgan, Armstrong Teasdale LLP, Jennifer L. Peters, Matthew T. Geiger, Rouse Hendricks German May PC, Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter is before the court on Defendant Nicholas A. Guarino's Motion to Set Aside Default, Quash Service and Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve (Doc. 86). Defendant, in sum, requests that the court set aside the default order entered against him and dismiss plaintiff's case because plaintiff failed to properly serve process upon him.[1]

1. Defendant has also requested oral argument on this motion. The court finds oral argument unnecessary to address the issues in defendant's motion, and, pursuant to D. Kan. Rule 7.2, denies defendant's motion for oral argument.

## I. Factual Background

On April 22, 2003, plaintiff filed suit against defendant Nicholas A. Guarino, and other defendants,[2] under the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*, and Commission Regulation 4.41(a), 17 C.F.R. § 4.41(a). On July 15, 2003, plaintiff attempted to serve defendant by leaving a copy of the summons and complaint with Barbara Williams at 1828 University Place, Sarasota, Florida. After defendant failed to respond or appear in his defense, on September 4, 2003, plaintiff obtained a default judgment against defendant.

## II. Analysis

### A. Did Plaintiff Properly Serve Defendant?

Proper service does not, in itself, establish a court's personal jurisdiction over the defendant, but proper service is the necessary procedural prerequisite to a showing of personal jurisdiction. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Federal Rule of Civil Procedure 4(e)(2) provides that proper service is effectuated "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Service of the summons and complaint is effective to establish jurisdiction over the defendant "when authorized by a statute of the United States." Fed.R.Civ.P. 4(k)(1)(D). Because this action is brought under the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1, *et seq.*, jurisdiction may be established by service in accordance with its provisions. The Act provides that:

> Any action under this section may be brought in the district wherein the defendant is found or is an inhabitant or transacts business or in the district where the act or practice occurred, is occurring, or is

2. There are multiple named defendants in the above-entitled case. The court's order, however, is only directed toward defendant Guarino.

about to occur, and process in such cases may be served in any district in which the defendant is an inhabitant or wherever the defendant may be found.

7 U.S.C. § 13a–1(e). The Act, therefore, provides for nationwide service of process. *Omni Capital,* 484 U.S. at 105, 108 S.Ct. 404.

A plaintiff has 120 days from filing a complaint to properly serve a defendant with the summons and complaint. Fed.R.Civ.P. 4(m). If proper service is not effectuated within 120 days, the court may dismiss the action or quash service and direct that service be properly made within a specified time. *Id.;* Fed.R.Civ.P. 12(b)(5). "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. United States Bankr. Court for Dist. of Colo.,* 942 F.2d 1498, 1500 (10th Cir.1991) (quoting *Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n. 2 (10th Cir.1983)). As the Tenth Circuit stated in *Espinoza v. United States,* 52 F.3d 838 (10th Cir.1995):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

### (1) Attempted Service at 1828 University Place

■ Plaintiff attempted to effectuate service by leaving a copy of the summons and complaint at 1828 University Place, Sarasota, Florida, with Barbara Williams, a "person of suitable age and discretion," who lives at that address. Plaintiff apparently deduced that

1828 University Place served as defendant's "dwelling house or usual place of abode" because defendant's Florida driver's license, which does not expire until October 12, 2005, lists this as his address. Under Florida law, defendant would have had to swear that the address he provided on his application for his Florida's driver's license was correct. *See* F.S.A. § 322.08.[3] Further, plaintiff asserts, defendant maintained two bank accounts that listed 1828 University Place as his address, and most of the mail delivered to the address was addressed to defendant. Therefore, plaintiff argues, it has executed proper service of process, and the burden now shifts to defendant to demonstrate that service would have been more proper at another address.

Defendant offers Williams's affidavit to rebut plaintiff's assertion that he lived at 1828 University Place. Williams, who currently resides at the address and has had possession of the condominium since 1993, avers that defendant does not reside at her residence and has never, to her knowledge, resided there. Williams states that defendant's mail is delivered to 1828 University Place, but that she does not forward it to him. It appears that Williams's sister is acquainted with defendant, and Williams believes that defendant may have visited the residence on one occasion, but she has never met defendant. Defendant also offers copies of his 1995, 1996, 2000, and 2001 IRS Form 1040 tax returns, along with his 2002 Form 1040 that has been prepared and is being filed, and all list his address as in Honduras. Defendant next proffers copies of IRS Form 2555 showing proof of foreign earned income, and these also list his Honduran address. Finally, defendant offers copies of United States Patents, issued in 1998 and 1999, which reflect his Honduran address. These documents, defendant asserts, demonstrate that he has abandoned 1828 University Place, making service of process at that address improper.

Plaintiff executed service at 1828 University Place on July 15, 2003, which postdates the years of defendant's proffered tax re-

---

**3.** Indeed, if defendant falsely attested that 1828 University Place was his residence, then he committed perjury, and his action constituted a felo-

ny under Florida law. *See Oladipupo v. State,* 574 So.2d 301, 302 (Fla.Dist.Ct.App.1991).

turns. Nevertheless, based upon Williams's sworn statement that defendant has never resided at 1828 University Place, the court concludes that the residence cannot be considered defendant's "dwelling house or usual place of abode." The court, therefore, quashes plaintiff's attempted service and concludes that defendant was not properly served by leaving a copy of summons and complaint at 1828 University Place, Sarasota, Florida.

### (2) Did Defendant Receive Actual Notice of Service?

■ Although defendant did not reside at the residence where plaintiff served the summons and complaint, plaintiff contends that defendant received *actual* notice of the action against him, which satisfies the service requirements.

" '[T]he federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice.' " *Kitchens v. Bryan County Nat'l. Bank,* 825 F.2d 248, 256 (10th Cir.1987) (quoting Wright and Miller, 4 *Federal Rules and Procedure,* § 1074 at 295). However, what constitutes actual notice is a factual determination to be made on a case-by-case basis. In *Kitchens,* the Tenth Circuit held that defendant had received actual notice when the service contained the notice and summons, but was technically deficient in other ways. *Id.* at 255–56; *see also Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n,* 1990 WL 269872, at *4 (D.Kan. Oct. 18, 1990) (holding that technical mistakes in the service papers still provided notice to those defendants that acknowledged receipt). In contrast, the Tenth Circuit has not attributed actual notice to a defendant where another individual might have informed defendant of the lawsuit, but plaintiff never completed service on defendant. *See Bethley v. City of Spencer, Okla.,* 37 F.3d 1509, 1994 WL 573765, at *4 (10th Cir. Oct. 19, 1994). In *Bethley,* the plaintiff argued that the defendant "had adequate notice of the lawsuit since he was represented by the same attorney as the other defendants, actually submitted himself

to the jurisdiction of the court by filing the motion for summary judgment, and waived any technical error that might have occurred for failure to file a return of service." *Id.* The court, however, held that defendant's "actual notice of the suit was insufficient to satisfy service of process requirements." *Id.*

Plaintiff first contends that defendant's receipt of actual notice should be dated as October 1, 2003, the day that defendant's attorney filed his appearance. As a general proposition, the court cannot conclude that a defendant had actual notice of a lawsuit against him, much less waive the requirements of Rule 4, merely because defendant engaged the services of an attorney. Further, as defendant argues, October 1, 2003, was 42 days after plaintiff applied for default judgment against defendant and 27 days after the default was entered. Even if the court were to conclude that defendant had actual notice on that date, the notice would still have been after defendant suffered prejudice as a result of not being properly served.

Plaintiff also asserts that defendant had actual knowledge of the lawsuit through Frank Asaro, whom plaintiff deposed. Plaintiff offers no evidence that Asaro informed defendant of the pending lawsuit. Moreover, even if Asaro had informed defendant, this would not constitute proper service upon defendant under *Bethley. See Bethley,* 1994 WL 573765, at *4.

### (3) Extension of Deadline of Service

■ The court has concluded that plaintiff has not effectuated proper service upon defendant in compliance with the Federal Rules of Civil Procedures.[4] However, the court will not dismiss plaintiff's case against defendant based upon this failure. Plaintiff's affidavit demonstrates that it has made a good faith effort to locate defendant's address. The court therefore concludes that good cause exists to excuse plaintiff's delay of proper service, and that plaintiff is entitled to an extension of time in which to serve defendant. Plaintiff has not asserted that defendant has no legal residence, and the court

---

4. Because the court concludes that plaintiff has not properly served defendant, the court will not examine the question of whether it has personal jurisdiction over defendant.

does not conclude at this point that defendant is attempting to evade service. Nevertheless, plaintiff's affidavit demonstrates that it already has employed multiple techniques to ascertain defendant's address, and, based upon defendant's tax forms, defendant's legal address may possibly be in a foreign country. Therefore, the court grants plaintiff 120 days from the date of this order to properly serve defendant. If plaintiff has not effectuated proper service upon defendant by the end of the 120–day period, then it must show good cause why the court should not dismiss its suit against defendant.

### B. Default Judgment

■ Default judgments are not favored by the court, and Rule 55(c) authorizes a court, "for good cause shown," to set aside an entry of default. *Katzson Bros., Inc. v. U.S. E.P.A.,* 839 F.2d 1396, 1399 (10th Cir.1988). Failure to properly serve a defendant can be grounds for setting aside a default judgment. *See Faughn v. Rapps,* 1990 WL 199398 (D.Kan.1990); *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 355 (6th Cir.2003); *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 493 (3rd Cir.1993). The court must have personal jurisdiction over the defendant in order to enter a default judgment. *Dennis Garberg & Assocs., Inc. v. Pack–Tech Intern. Corp.,* 115 F.3d 767, 771–72 (10th Cir.1997). Consequently, if the first procedural step of establishing personal jurisdiction by properly serving a defendant has not been met, the court cannot enter a default order.

In this case, the court has concluded that plaintiff has not properly served defendant. Consequently, the court must set aside the entry of default against defendant based upon the court's lack of personal jurisdiction.

### C. Effect of the Court's Ruling on Defendant's Motions to Stay Discovery

Defendant has filed motions to stay discovery awaiting this court's review of the current motion. Currently pending before this court are Defendant Nicholas A. Guarino's Motion to Review and Set Aside Order Denying Motion for Protective Order and Limited Stay of Discovery (Doc. 112) and Defendant Nicholas A. Guarino's Motion for Stay of Order Denying Motion for Protective Order and Limited Stay of Discovery (Doc. 118). Magistrate Judge James P. O'Hara denied defendant's motion for protective order and denied defendant's motion to stay the effect of his original order, both of which defendant appealed to this court.

The court reviews the decision of a magistrate judge for clear error. 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.1997).

### (1) Denial of Motion to Stay Discovery

■ Magistrate Judge O'Hara determined that defendant had not sufficiently supported his application for stay under *Kutilek v. Gannon,* 132 F.R.D. 296, 298 (D.Kan.1990). First, Magistrate Judge O'Hara concluded that defendant had not demonstrated that he was likely to prevail on the merits of his pending dispositive motion. Defendant contends that this decision was clear error because plaintiff had not properly served him according to Federal Rule of Civil Procedure 4(m), which mandates dismissal of his case. Defendant's argument, however, does not square with the holding of *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir. 1995). There is evidence that plaintiff made a good faith effort to serve defendant in this matter, but even if plaintiff could not ultimately show good cause for failing to serve defendant, the court still has the discretion to extend the time to allow proper service. *Id.* It was not clear error for Magistrate Judge O'Hara to conclude that defendant had not demonstrated that he was likely to prevail on the merits of his motion. Indeed, Magistrate Judge O'Hara's reasoning was correct, as the court is not granting defendant's request to dismiss the case against him.

Defendant also asserts that Magistrate Judge O'Hara erroneously determined that the facts being sought through discovery *would* affect resolution of his motion. Specifically, defendant contends that initial disclosures under Federal Rule of Civil Procedure 26(a) will not require him to reveal his address on the date of purported service, which, he contends, is the only relevant issue in his motion.

Accepting defendant's statement that his residence at the time of service is the only relevant fact in his motion, there is evidence relevant to this fact that could be discovered through Rule 26(a) disclosures. For example, defendant cites Williams's affidavit in which she testified that defendant never lived at the address at which plaintiff attempted service. Plaintiff points out, however, that Williams's second affidavit seems to offer more information than the first about Williams's connection to defendant. Williams is therefore a witness "likely to have discoverable information" that could be relevant to the disposition of defendant's motion. Magistrate Judge O'Hara did not commit clear error in concluding that the information sought through initial disclosures could provide relevant information.

The court takes little time to discuss the third situation argued by defendant-whether allowing discovery to proceed is burdensome on him. At this point, defendant is only being compelled to comply with the minimal requirements of Rule 26(a). Magistrate Judge O'Hara did not commit clear error in concluding that defendant had not demonstrated the burdensome effect of these disclosures.

### (2) Failure to Comply with Rule 26(c)

Defendant also asserts that Magistrate Judge O'Hara committed clear error by ruling that, pursuant to Rule 26(c), he had an obligation to consult with plaintiff's counsel before filing his motion for protective order. Defendant contends that he did not have to confer in this case because the parties did not have the power to resolve the dispute without court action.

As Magistrate Judge O'Hara reminded defendant, D. Kan. Rule 37.2 provides that a magistrate judge may not entertain *any* motion to resolve a discovery dispute under Rule 26 unless the parties have conferred. Magistrate Judge O'Hara did not commit clear error in reaching this conclusion.[5]

### (3) Effect of Court's Ruling on Discovery

■ Magistrate Judge O'Hara properly denied defendant's motions to stay discovery.

As the court has now ruled on defendant's motion to set aside default and dismiss, defendant's motions to stay discovery are mooted. At this point, however, because the court has concluded that plaintiff has not properly served defendant and has granted plaintiff 120 days in which to do so, the court concludes that discovery against defendant should be stayed until he is properly served. Given the extended period of time that plaintiff will have to serve defendant, the court concludes that it would be unfairly burdensome to defendant to be compelled to proceed extensively into discovery before the court's jurisdiction is properly established. Discovery is thereby stayed with regard to defendant Guarino until plaintiff demonstrates proper service of process upon him.

### III. Order

**IT IS THEREFORE ORDERED** that Defendant Nicholas A. Guarino's Motion to Set Aside Default, Quash Service and Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve (Doc. 86) is granted in part and denied in part. The court quashes plaintiff's service of process upon defendant and sets aside the entry of default against defendant. The court denies defendant's motion to dismiss, however, and grants plaintiff 120 days from the date of this order to effectuate proper service of process.

**IT IS FURTHER ORDERED** that Defendant Nicholas A. Guarino's Motion to Review and Set Aside Order Denying Motion for Protective Order and Limited Stay of Discovery (Doc. 112) and Defendant Nicholas A. Guarino's Motion for Stay of Order Denying Motion for Protective Order and Limited Stay of Discovery (Doc. 118) are denied as moot.

---

5. The court's conclusion on this issue does not affect Magistrate Judge O'Hara's ruling, as he did not base his decision to deny defendant's motion for stay on this failure.